IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JEFFREY LYNN SAKEMILLER,**
    Petitioner,

vs.          Case No.  5:06cv4/SPM/MD

**JAMES CROSBY,**
    Respondent.

---

ORDER and
<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), and petitioner's motion for extension of time (doc. 4).  For the reasons that follow, the undersigned concludes that petitioner's motion should be denied and this action dismissed.

In this habeas action, petitioner challenges his convictions of vehicular homicide and felony DUI entered in the Circuit Court of Bay County, Florida on March 17, 1999.  Because petitioner admitted on the petition form that he previously filed a § 2254 petition in federal court regarding the validity of his state court confinement, this court entered an order (doc. 3) directing petitioner to show cause why this case should not be dismissed "by filing a copy of the Eleventh Circuit Court of Appeals' order authorizing him to file a second or successive § 2254 petition."  In response, petitioner has filed a motion for extension of time, explaining: "At this time Plaintiff needs time to file such request to the 11th Circuit Court seeking their authorization to allow for the filing of a second or successive § 2254," (doc. 4).

The court takes judicial notice of its own records,[1] which confirm that on September 2, 2003 petitioner filed a § 2254 petition in this court challenging the same convictions. (*See Sakemiller v. Crosby*, Case No. 5:03cv227/MCR/WCS). That petition was dismissed as untimely on June 9, 2004. (*Id.*, docs. 15, 16 & 17). Petitioner did not seek a certificate of appealability.

Title 28 U.S.C. § 2244 provides: "<u>Before</u> a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also* Rule 9, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the petition. *See Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir.)*, cert. denied*, 542 U.S. 958, 125 S.Ct. 15, 159 L.Ed.2d 846 (2004) (district court lacked subject matter jurisdiction to consider amended § 2254 petition, where petitioner failed to obtain authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition); *Fugate v. Dep't of Corrections*, 310 F.3d 1287, 1288 (11th Cir. 2002) (same). As petitioner did not have the requisite permission at the time of filing his petition, an extension should not be granted and this case should be dismissed without prejudice to allow petitioner the opportunity to seek authorization from the Eleventh Circuit.

Accordingly, it is ORDERED:

Petitioner's motion for extension of time (doc. 4) is DENIED.

---

[1] The court has the authority to take judicial notice of its own documents. *See United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

Case No: 5:06cv4/SPM/MD

**And it is respectfully RECOMMENDED:**

That this § 2254 petition (doc. 1) be **DISMISSED WITHOUT PREJUDICE**, and the clerk be directed to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

At Pensacola, Florida this 30th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:06cv4/SPM/MD*